[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. SUMMARY JUDGMENT
This is an action for paternity commenced by the plaintiff by a verified complaint on November 5, 1984. The defendant was adjudicated the father of the child as alleged on January 29, 1986, and certain financial orders entered. On August 19, 1997, the defendant filed the first in a series of motions to open the judgment, claiming that he had never received notice of the court proceedings and that he had consistently denied being the child's father. The State of Connecticut has filed a motion for summary judgment, asserting that the defendant's motion must be denied as a matter of law because it was not timely filed and because the judgment is res judicata as to the issues.
Certain facts are established by the record. Mr. Singleton was served with the paternity petition on December 21, 1984. He filed an appearance with the court on January 14, 1985, listing on his appearance a different address than the one which had been used for the initial abode service. On February 13, 1985, the court ordered the plaintiff, the child, and the defendant to submit to blood group testing after Mr. Singleton questioned his responsibility. Mr. Singleton has presented no evidence that he ever complied with that order.[1]
On November 25, 1985, the court entered a default against the defendant for his failure to file a responsive pleading, and on January 29, 1986 the court adjudicated him to be the father of the child and assessed damages for lying in expenses and support. Notice of the judgment was sent on February 6, 1986. All motions were certified as having been sent to the defendant at the address he listed on his appearance, as was the judgment.
Mr. Singleton filed his second appearance on March 7, 1996 and a subsequent appearance on April 30, 1996. Counsel was appointed for him, and counsel filed his appearance on June 25, 1996. The first motion to reopen was filed in August, 1997.
The relevant portion of the Practice Book provided:
 Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four CT Page 16758 months succeeding the date on which notice was sent . . .
Practice Book, 17-43 (a). It is clear that the defendant did not move to reopen within four months of the rendering of the judgment. In addition, however, he did not file the motion to reopen within four months of the time he acknowledges having learned of the judgment, which was at the latest when he filed his second appearance in March, 1996.
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book, 17-49. That is the case here. No matter how the time is computed, the defendant did not file his motion to open within the time allowed by law.
The motion to open is denied.
The judgment of the court dated January 29, 1986 remains in full force and effect.
BY THE COURT,
GRUENDEL, J.